**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10048 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00215-MCE |
| v. | |
| JOSE JAVIER MANCILLA-CALDERON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Jose Javier Mancilla-Calderon appeals from the revocation of his supervised

release and the 24-month sentence imposed following revocation.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mancilla-Calderon contends that the district court violated his due process rights by basing its sentence on charged but unconvicted state law offenses—which had been dismissed as bases for revocation—without providing Mancilla-Calderon an opportunity to rebut the allegations. However, given the district court's statement, upon objection from defense counsel, that the references to state law offenses had not affected its choice of sentence, any error was harmless. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (describing standard).

Mancilla-Calderon further contends that the court erred by failing adequately to explain the sentence. Striking the references to the state law conduct, the court's explanation for the sentence it imposed was adequate. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Finally, we cannot say that the district court abused its discretion in imposing the 24-month sentence. *See id.* at 993; *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (where defendant violates supervised release by committing same offense for which he was placed on supervised release, "greater sanctions may be required to deter future criminal activity").

**AFFIRMED.**